IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

TRADE WEST, INC.,                    )        CIVIL 16-00474 LEK-KSC
                                     )
            Plaintiff,               )
                                     )
      vs.                            )
                                     )
ORIENTAL TRADING COMPANY,            )
INC.,                                )
                                     )
            Defendant.               )
_____    )


**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION
TO DISMISS AND STRIKE PLAINTIFF TRADE WEST, INC.'S COMPLAINT**

            Before the Court is Defendant Oriental Trading Company,
Inc.'s ("OTC") Partial Motion to Dismiss and to Strike Plaintiff
Trade West, Inc's Complaint ("Motion"), filed on October 31,
2016.  [Dkt. no. 27.]  Plaintiff Trade West, Inc. ("Trade West")
filed its memorandum in opposition on January 23, 2017, and OTC
filed its reply on January 30, 2017.  [Dkt. nos. 32, 33.]  On
February 9, 2017, Plaintiff filed notice of its intent to rely on
uncited authorities.  [Dkt. no. 36.]  This matter came on for
hearing on February 13, 2017.  At the hearing, the Court granted
Trade West leave to file additional exhibits, and Trade West did
so on February 14, 2017.  [Dkt. no. 38.]  On February 27, 2017,
OTC filed its response to Trade West's supplemental filing.
[Dkt. no. 39.]

            After careful consideration of the Motion, supporting
and opposing memoranda, the arguments of counsel, and the

relevant legal authority, OTC's Motion is HEREBY GRANTED IN PART
AND DENIED IN PART for the reasons set forth below.

<u>**BACKGROUND**</u>

This lawsuit follows a previous case between the
parties regarding similar copyright and trademark infringement
claims. [CV 05-00149 LEK-KJM.] In 2007, the parties settled and
United States District Judge David Alan Ezra filed an Order of
Dismissal on July 24, 2007.[1] [<u>Id.</u>, dkt. nos. 71 (Settlement
Agreement, filed under seal), 72.]

Trade West now claims that OTC has again infringed on
Trade West's registered trademark and copyrighted designs by
"displaying, distributing, offering for sale and selling
artificial flower leis and artificial flower hair clips," and
that these activities constitute a breach of the 2007 Settlement
Agreement. [Complaint for Breach of Settlement and for
Infringement ("Complaint"), filed 8/26/16 (dkt. no. 1), at ¶¶ 4,
33.]

The Complaint alleges the following claims: trademark
infringement and counterfeiting of hibiscus and fern design, in
violation of 15 U.S.C. § 1114 ("Count I"); unfair competition by
false designation of origin and by trademark and trade dress
infringement, in violation of 15 U.S.C. § 1125 ("Count II");

---

[1] CV 05-00149 was reassigned to this Court on June 3, 2016.
[Dkt. no. 76.]

deceptive trade practices, in violation of Haw. Rev. Stat.
§ 481A-3 ("Count III"); common law unfair competition, palming
off, trademark infringement ("Count IV"); unfair competition and
practices, in violation of Haw. Rev. Stat. § 480-2 ("Count V");
copyright infringement ("Count VI"); breach of contract
("Count VII"); and a claim for punitive damages ("Count VIII").

Trade West prays for the following relief: various
forms of injunctive relief; general, special, statutory, treble,
and punitive damages; attorneys' fees and costs; and any other
appropriate relief.

In the instant Motion, OTC argues that: 1) Trade West
fails to state a claim for copyright infringement because OTC's
products and Trade West's copyrights are not substantially
similar; 2) Trade West lacks standing to sue for breach of
contract; and 3) the portions of Trade West's breach of contract
claim based on copyright infringement are preempted by the
federal Copyright Act.  OTC urges this Court to: 1) dismiss Trade
West's copyright infringement claim (Count VI) with prejudice;
2) dismiss Trade West's breach of contract claim (Count VII); and
3) if it does not dismiss Trade West's breach of contract claim,
strike from the claim any references to Trade West's copyright
infringement claims or Trade West's copyrights and OTC's alleged
use thereof.  The Motion is DENIED as to Count VI, and GRANTED
insofar as Count VII is DISMISSED WITHOUT PREJUDICE, with leave

to amend by **April 28, 2017**.

## DISCUSSION

## I.   Scope of Documents Considered

At the outset, this Court must determine whether it is necessary to convert the instant Motion into a motion for summary judgment.  As a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint.  See Daniels-Hall v. Nat'l Educ. Ass'n., 629 F.3d 992, 998 (9th Cir. 2010).  "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Id. (citations and internal quotation marks omitted).  Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss to a motion for summary judgment.  Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[2]

The Motion includes: two of Trade West's copyright registrations with the United States Copyright Office, VA 244 981 (artificial hibiscus flower lei) and VA 244 983 (artificial

---

[2] Parrino was superseded by statute on other grounds, as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam).

4

hibiscus hair clip); [Motion, Decl. of Robert Siffring in Supp.
of Motion ("Siffring Decl."), Exhs. A-B;] photographs of OTC's
item numbers 34/1528 (artificial hibiscus lei) and 34/1526
(artificial hibiscus hair clip); [Motion, Decl. of Andrea Pallios
Roberts in Supp. of Motion ("Roberts Decl.") at ¶¶ 2-3, Exhs. 1-
2;] excerpts from various books, encyclopedias, and guides; [id.,
Exhs. 3-11;] and printouts from various websites; [id., Exhs. 12-
15]. OTC argues that Exhibits 3-15 depict how the hibiscus
flower appears in nature.

OTC filed a request for judicial notice in support of
the Motion ("RJN") on October 31, 2016. [Dkt. no. 28.] OTC
first asks this Court to take judicial notice, pursuant to Fed.
R. Evid. 201(b), of Exhibits A and B to the Siffring Declaration
and Exhibits 1-15 to the Roberts Declaration. However, as
previously noted, a court may consider exhibits attached to a
motion to dismiss under certain circumstances. Judicial notice
is unnecessary in such instances. After reviewing Exhibits A and
B and Exhibits 1-15 and comparing them to the allegations in the
Complaint, this Court FINDS that the Complaint refers to Trade
West's copyright registration for VA 244 981 and VA 244 983
(Exhibits A-B); [Complaint at ¶¶ 22, 29;] and OTC item numbers
34/1528 (artificial hibiscus lei) and 34/1526 (artificial
hibiscus hair clip) (Exhibits 1-2); [id. at ¶¶ 4, 6, 29]. Each
document is also central to Trade West's claims. Further, Trade

West's memorandum in opposition did not raise any challenges to the authenticity of these exhibits.  This Court therefore CONCLUDES that it can consider Exhibits A and B to the Siffring Declaration and Exhibits 1 and 2 to the Roberts Declaration without converting the Motion into a motion for summary judgment, and DENIES AS MOOT OTC's RJN as to these exhibits.

Exhibits 3-15 to the Roberts Declaration are pictures of hibiscus flowers found in encyclopedias, books, and websites. These pictures depict how the flowers appear in nature.  Trade West's memorandum in opposition did not raise any challenges to the authenticity of Exhibits 3-15.

Rule 201(b) states: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This district court has recognized that courts may take judicial notice of plant life.  See Coyle v. Gardner, 298 F. Supp. 609, 618 (D. Hawai`i 1969) (taking judicial notice that a plumeria is a plant which "will often sprout from itself if a branch is just thrown on the ground, and which requires no 'cultivation'"). This Court FINDS that the appearance of hibiscus flowers as they appear in nature is a fact that is subject to judicial notice pursuant to both Rule 201(a) and (b).  This Court therefore

GRANTS OTC's RJN insofar as it will take judicial notice – for purposes of the instant Motion only – of Exhibits 3-15 to the Roberts Declaration.

OTC's RJN also asks this Court to take judicial notice, pursuant to Rule 201(b), of the information on the CV 05-00149 docket.  Trade West also asks this Court to take judicial notice of the proceedings in CV 05-00149.  [Mem. in Opp. at 2.]

> A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.  See Lee v. City of Los Angeles, 250 F.3d 668, 689–690 (9th Cir. 2001); see also Interstate Natural Gas Co. v. S. Cal. Gas Co., 2009 F.2d 380, 385 (9th Cir. 1953) (holding a court may take judicial notice of records and reports of administrative bodies).

Schoenwandt v. Hawaii Paroling Auth., Civ. No. 14-00444 HG BMK, 2014 WL 5822860, at *3 n.4 (D. Hawai`i Nov. 10, 2014) (some citations omitted).

This Court GRANTS the parties' request insofar as it will take judicial notice – for purposes of the instant Motion only – of the 2007 Settlement Agreement and the proceedings before this Court in 2016 regarding the alleged breach of the agreement, [CV 05-00149, dkt. nos. 75, 79, 82, 84, 88-89].  The Court, however, DENIES the parties' request, to the extent that they ask this Court to take judicial notice of the truth of facts discussed in those documents.  See Lee, 250 F.3d at 689-90.

OTC's RJN is therefore GRANTED IN PART AND DENIED IN

PART.  This Court GRANTS the RJN as to: Exhibits 3-15 to the

Roberts Declaration; the 2007 Settlement Agreement; and the

proceedings in CV 05-00149 in response to Trade West's request

for mediation.  Further, this Court can consider these materials

without converting the Motion into a motion for summary judgment.

Cf. Thomas v. Fin. Recovery Servs., No. EDCV 12-1339 PSG (Opx),

2013 WL 387968, at *2 (C.D. Cal. Jan. 31, 2013) ("It is well-

settled that . . . matters that are subject to judicial notice

may also be considered in evaluating a motion for judgment on the

pleadings." (citing Buraye v. Equifax, 625 F. Supp. 2d 894,

896-97 (C.D. Cal. 2008); Amfac Mortg. Corp. v. Ariz. Mall of

Tempe, Inc., 583 F.2d 426, 429-30 & n.2 (9th Cir. 1978))).

          This Court now turns to the merits of OTC's Motion.

## II.  Copyright Infringement Claim

          In Count VI, Trade West alleges that OTC has made,

sold, and distributed products that are substantially similar to

some of Trade West's copyrighted designs, including those

registered under certificate of registration numbers VA 244 981

(artificial hibiscus lei) and VA 244 983 (artificial hibiscus

hair clip).  The products at issue include those that OTC

identifies with the item numbers 34/1547, 34/1528, 34/1526, and

IN-13601273.  [Complaint at ¶ 4.]  Trade West points out,

however, that the claims in the Complaint are not limited to

these item numbers.  [Id. at ¶ 5.]

According to Trade West, these acts constitute infringements of Trade West's copyrighted designs. OTC argues that Trade West fails to state a claim for copyright infringement because OTC's products and Trade West's copyrighted designs are not substantially similar.

The Ninth Circuit has stated that "[t]here is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." Christianson v. West Pub. Co., 149 F.2d 202, 203 & n.2 (9th Cir. 1945) (some citations omitted) (citing Van Camp Sea Food Co. v. West-gate Sea Products Co., 9 Cir., 28 F.2d 957, *certiorari denied* 279 U.S. 841, 49 S. Ct. 263, 73 L. Ed. 987 (1928)); accord Nelson v. PRN Prods., 873 F.2d 1141, 1143-44 (8th Cir. 1989) (affirming dismissal of copyright infringement claim and stating that "[t]he trial judge could properly determine the matter of substantial similarity as a matter of law and did so by granting defendants' motion to dismiss" because both works were before the court). Therefore, since both Trade West's copyrighted works and OTC's alleged infringements are before the Court, capable of examination and comparison, the Court CONCLUDES that it can determine the sufficiency of the infringement claim on OTC's motion to dismiss.

This Court has stated that:

> "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.</u>, 499 U.S. 340, 361 (1991) (citation omitted); <u>see also</u> <u>Rice v. Fox Broad. Co.</u>, 330 F.3d 1170, 1174 (9th Cir. 2003). Plaintiff can establish the second element by demonstrating that Defendant had access to Plaintiff's work and that the two works are substantially similar. <u>L.A. Printex Indus. v. Aeropostale, Inc.</u>, 676 F.3d 841, 846 (9th Cir. 2012) (citation omitted).

<u>Trendex Fabrics, Ltd. v. Kim</u>, Civil No. 13-00253-LEK-RLP, 2013 WL 5947027, at *3 (D. Hawai`i Nov. 5, 2013).

As to the first element, OTC disputes Trade West's ownership of a valid copyright. OTC alleges that Trade West attempts to claim ownership of the exclusive right to the idea of using hibiscus flowers in artificial leis or hair clips and the expression that naturally flows from that idea. OTC argues that the Copyright Act does not protect ideas or the expression that naturally flows from an idea, such as the natural form of a hibiscus flower. Therefore, OTC argues that Trade West's copyright claims fail as a matter of law.

This Court disagrees with OTC. Section 410(c) of the Copyright Act states that a certificate of registration is prima facie evidence of the validity of the copyright if registration occurred "before or within five years after first publication of the work." 17 U.S.C. § 410(c). According to VA 244 981, the

creation of Trade West's artificial hibiscus lei was completed in 1986, and the first publication was on September 19, 1986. [Siffring Decl., Exh. A.] According to VA 244 983, the creation of Trade West's artificial flower hair clip was completed in 1986, and the first publication was on May 30, 1986. [Id., Exh. B.] The registrations clearly occurred before or within five years after the first publications of the works. Therefore, this Court FINDS that the certificates constitute prima facie evidence of the validity of Trade West's copyrights.

"A certificate of copyright registration, therefore, shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) (citations and internal quotation marks omitted). Thus, OTC has the burden to prove the invalidity of Trade West's copyrights. OTC can rebut this presumption of validity by "offer[ing] some evidence or proof to dispute or deny [Trade West's] prima facie case of infringement." See id. at 1217-18 (some citations omitted) (citing North Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir. 1992)). Here, OTC does not offer any evidence or proof to dispute or deny Trade West's prima facie case of infringement. Therefore, the Court CONCLUDES – for purposes of the instant Motion – that OTC has not rebutted the presumption of validity of Trade West's copyrights. Accordingly,

the Court CONCLUDES – for purposes of the instant Motion – that Trade West is the valid copyright owner of the artificial hibiscus leis and hair clips at issue in this case.

OTC next argues that Trade West fails to state a claim for copyright infringement because OTC's products and Trade West's copyrighted designs are not substantially similar. OTC first points out that Trade West fails to allege in its Complaint what it believes the similarities to be. Upon review of the Complaint, however, this Court FINDS that Trade West "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for" creating products that are substantially similar to Trade West's copyrighted designs. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In the Ninth Circuit, a plaintiff establishes substantial similarity by demonstrating that the allegedly infringing work is both objectively similar (the "extrinsic test") and subjectively similar (the "intrinsic test") to the copyrighted work. Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir. 1977), *superseded on other grounds by* 17 U.S.C. § 504(b). "The intrinsic test, which is based on the ordinary person's subjective impressions of the compared works as a whole, is typically a question reserved for the jury." Erickson v. Blake, 839 F. Supp. 2d 1132, 1135 (D.

Or. 2012) (citing <u>Swirsky v. Carey</u>, 376 F.3d 841, 845 (9th Cir. 2004)). "Whether there is sufficient objective similarity under the extrinsic test, however, may be decided by the court as a matter of law on a motion to dismiss." <u>Id.</u> at 1135-36 (some citations omitted) (citing <u>Christianson v. West Pub. Co.</u>, 149 F.2d 202, 203 (9th Cir. 1945)). "When applying the extrinsic test, the court must analytically dissect the works to evaluate any similarities on an element-by-element basis." <u>Id.</u> at 1136 (citing <u>Apple Computer, Inc. v. Microsoft Corp.</u>, 35 F.3d 1435, 1443 (9th Cir. 1994)).

OTC argues that the only similarities between OTC's products and Trade West's copyrighted designs fall within one of the two categories: those that reflect the features of the hibiscus flower as it exists in nature, or those that are functional. OTC argues that Trade West cannot maintain an infringement claim based upon either of these similarities. Therefore, OTC urges this Court to dismiss Trade West's copyright infringement claim with prejudice, because there is no substantial similarity of protectable subject matter.

## A.   Product Descriptions

OTC's artificial hibiscus lei features single artificial hibiscus flowers, without leaves, spread evenly around the lei, with gaps between the flowers on the lei. [Roberts Decl., Exh. 1.] OTC's artificial hibiscus hair clip features

three artificial hibiscus flowers, with leaves, attached to a clip. [Id., Exh. 2.] Except for the leaves, the hibiscus flower in both OTC's lei and its hair clip has the same design. [Mem. in Supp. of Motion at 3.] The flowers on both the leis and hair clips have multiple, colorful petals with scalloped edges and veining. The flowers also have yellow pistils protruding from the centers of the petals, with yellow stamens placed randomly along the pistils. [Roberts Decl., Exhs. 1-2.] Trade West points out that, "on some of the leis, the petals have a different color on the outer and inner portions of the petal[s]." [Mem. in Supp. of Motion at 3.] On the hair clips, the hibiscus flower sits atop the leaves, which are green with jagged edges and veining. [Roberts Decl., Exh. 2.]

   **B.   Substantial Similarity Between Leis**

   OTC argues that the way it designed the hibiscus flower for its leis reflects how the flower appears in nature, and therefore no substantial similarity of protectable subject matter between Trade West's leis and OTC's leis exists. At the hearing, Trade West highlighted the issue of OTC copying the color assortment[3] of Trade West's flowers used to make leis, particularly the blue and white hibiscus flowers. Trade West also argued that some of OTC's petals have a lighter-colored

_____

   [3] Trade West describes the copied color assortment as "red, pink, orange, yellow, sky blue, [and] purple." [Mem. in Opp. at 24.]

14

center and darker edges, like some of Trade West's petals.  In
response, OTC argues that it did not copy Trade West's color
assortment because, in nature, hibiscus flowers exist in all
different colors and color combinations.

Furthermore, OTC's alternate argument is that any
similarities between its products and Trade West's products that
do not reflect how the hibiscus flower appears in nature serve a
functional purpose.  OTC alleges that the manner and style in
which the flowers are attached to the lei are functional.  In
particular, OTC explains that it attaches the flowers
perpendicularly to the string to have the stamen of the hibiscus
remain distinctive, in a way that appears similar to Trade West's
method of stringing leis.  If the string were to go through the
center of the flower, OTC claims that the stamen might need to be
removed, or would be less distinctive.  This method of stringing
also causes the flowers on the lei to rotate in different
directions around the string.  OTC argues that elements like the
base of the flower, the spacers between the flowers, and the
plastic pistil and stamen are functional, as are the practice of
cutting the petals from a single piece of fabric and the omission
of leaves from the flowers on the lei.

The Court is not persuaded by OTC's functionality
arguments, particularly regarding its method of stringing its
leis.  It is readily apparent that the stamen is a distinctive

part of the hibiscus flower.  It is possible, however, for OTC to use other methods of stringing its leis to maintain the distinctiveness of the stamen.  See, e.g., BriansPhotoCraft, Making a Haku Lei/Floral Hat Band with Paper Flowers & Paper Leaves, YouTube (Mar. 6, 2013), https://www.youtube.com/watch?v=ZUTVslRHgAc; wikiHow to Make a Paper Lei, http://www.wikihow.com/Make-a-Paper-Lei (last visited Mar. 30, 2017).

Because this Court rejects OTC's functionality argument, this Court CONCLUDES that Trade West's Complaint contains sufficient allegations of substantial similarity to survive a motion to dismiss.

In light of this Court's ruling on the functionality issue, it does not need to address OTC's alternate argument based on how the hibiscus flowers appear in nature.  At a later stage, such as in a motion for summary judgment, the parties may wish to revisit the issue of whether the purported similarities between Trade West's and OTC's hibiscus flowers reflect how the flower actually appears in nature.

The Court therefore CONCLUDES that Trade West has stated a plausible copyright infringement claim based on OTC's alleged infringement of Trade West's artificial hibiscus lei copyright.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))).

### C.  Substantial Similarity Between Hair Clips

OTC argues that the way it designed the hibiscus flower used to make its hair clips reflects how the flower appears in nature, and therefore no substantial similarity of protectable subject matter between Trade West's hair clips and OTC's hair clips exists.  Although OTC may design the leaves as they appear in nature, the leaves on OTC's hair clips are not how they appear in nature in relation to the hibiscus flower.  In nature, the leaves are attached to the stem of the flower, not directly to the flower.  See, e.g., Roberts Decl., Exhs. 3, 8, 9.

Furthermore, OTC argues that the leaves and the arrangement of the flowers on the hair clip serve a functional purpose.  On OTC's hair clips, the artificial hibiscus sits atop green leaves.  [Id., Exh. 2.]  The leaves are connected by one piece of cloth, and have jagged edges and veining.  This Court disagrees that the leaves serve a functional purpose.  The inclusion of the leaves is not for functional purposes, but rather, for aesthetic and artistic purposes.  A feature cannot be both aesthetic and functional.  See Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1260 (9th Cir. 2001) ("Nor has this circuit adopted the 'aesthetic functionality' theory, that

is, the notion that a purely aesthetic feature can be functional." (citations omitted)).

The Court therefore CONCLUDES that Trade West has stated a plausible copyright infringement claim based on OTC's alleged infringement of Trade West's artificial hibiscus hair clip copyright.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.  OTC's Motion is DENIED as to Count VI.

## III. **Count VII - Breach of Contract Claim**

OTC's motion to dismiss Trade West's breach of contract claim centers on ripeness, which the parties characterize as "standing."  OTC argues that the action was prematurely filed because Trade West allegedly did not satisfy the procedural requirement in the 2007 Settlement Agreement of pursuing non-judicial resolution of the dispute before filing a civil action. This issue, however, is easily remedied, and has been remedied since the filing of the Complaint.  The parties participated in mediation with a private mediator, but were unsuccessful in resolving the matter.  The required time period has lapsed since the mediation proceedings to allow for a party to file suit, and both parties concede that the action is now ripe.  Because Trade West did not satisfy the 2007 Settlement Agreement's non-judicial dispute resolution requirement before filing the Complaint, this Court GRANTS OTC's Motion insofar as this Court DISMISSES Count VII.

OTC argues that the dismissal should be with prejudice because it would be futile to allow Trade West to amend Count VII.  OTC asserts that the portions of Trade West's breach of contract claim based on copyright infringement are preempted by the federal Copyright Act.  The Court CONCLUDES that amending Count VII is not futile because: different remedies are available to Trade West in a breach of contract claim, as compared to a copyright infringement claim; and Trade West's breach of contract claim contains the "extra element" of "the bilateral expectation of compensation."  See Benay v. Warner Bros. Entm't, Inc., 607 F.3d 620, 629 (9th Cir. 2010) (citation and internal quotation marks omitted).  Therefore, the dismissal of Count VII is WITHOUT PREJUDICE, and Trade West is GRANTED leave to amend its Complaint to reflect its compliance with the 2007 Settlement Agreement's non-judicial dispute resolution requirement.[4]  In light of this ruling, it is not necessary for this Court to address OTC's request to strike the portions of Trade West's breach of contract claim regarding copyright infringement.

OTC's Motion is GRANTED IN PART AND DENIED IN PART as to Count VII.  The Motion GRANTED insofar as Count VII is DISMISSED, and the Motion is DENIED insofar as the dismissal is

---

[4] The Court notes that, the better practice would have been for Trade West to file a motion to enforce the 2007 Settlement Agreement, and/or a complaint for declaratory and injunctive relief.

WITHOUT PREJUDICE.

The Court ORDERS Trade West to file its amended complaint by **April 28, 2017**. This Court CAUTIONS Trade West that, if it does not file its amended complaint by **April 28, 2017**, this Court will dismiss Count VII with prejudice. This Court also CAUTIONS Trade West that this Court has only given it leave to cure the ripeness defect in Count VII. If Trade West wishes to add any new parties, claims, or theories of liability, it must file a motion to amend, pursuant to Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

On the basis of the foregoing, OTC's Partial Motion to Dismiss and to Strike Plaintiff Trade West, Inc's Complaint, filed October 31, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to Count VI, and GRANTED insofar as Count VII is HEREBY DISMISSED WITHOUT PREJUDICE. Trade West is granted leave to file an amended complaint, consistent with the terms of this Order. Trade West must file its amended complaint by **April 28, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 30, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TRADE WEST, INC. VS. ORIENTAL TRADING COMPANY, INC.; CIVIL 16-00474 LEK-KSC; ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STRIKE PLAINTIFF TRADE WEST, INC.'S COMPLAINT**